THE STATE *v.* NEFF.

CRIMINAL LAW.—*Assault and Battery.—Correction of Pauper by Superintendent.*—Where, without anger or rudeness, and solely for the purpose of preserving discipline, the superintendent of a county asylum for paupers administers moderate physical chastisement to an unruly pauper in his charge, he does not thereby commit an assault and battery.

From the Boone Circuit Court.

*W. R. Moore, C. A. Buskirk*, Attorney General, and *H. C. Wills*, Prosecuting Attorney, for the State.

*C. S. Wesner*, for appellee.

NIBLACK, J.—This was an indictment for an assault and battery.

The substantial part of the indictment says:

"The grand jurors for Boone county, in the State of Indiana, *   *   *   .*   * present, that John Neff, on the 1st day of January, A. D. 1877, at the county and State aforesaid, did then and there, in a rude, insolent and angry manner, unlawfully touch, strike, beat, bruise and wound one Elizabeth Wyatt."

. The defendant pleaded specially to the indictment, as follows:

"Comes now the defendant, and for special plea herein says *actio non*, because, he says, that, at the time and place of the alleged assault and battery mentioned in the indict- ment, he was the legally appointed custodian and superin- tendent of the county asylum for the indigent and poor of said county of Boone, and that the said Elizabeth Wyatt, the person upon whom said pretended assault and battery is charged to have been perpetrated, was, at the time and place mentioned, a pauper and an inmate of the aforesaid county asylum, duly and legally admitted therein, and under the care and custody of the defendant, as such custodian and superintendent of said county asylum ; that the said Eliza- beth Wyatt, at the time of the alleged perpetration of the assault and battery charged in the indictment, was cross, stubborn, ill, disobedient and ungovernable, and was fighting and scolding other paupers and inmates of said asylum; and that the beating and striking alleged in the complaint was simply moderate and gentle coercion, administered to and upon her by the defendant, as the custodian and superin- tendent of the county asylum aforesaid, without anger, inso- lence or rudeness upon the part of the defendant, but for the purpose of preserving quiet and subordination among the inmates of said asylum, as he lawfully had the right to do, and no more."

The prosecuting attorney demurred to this plea for want of sufficient facts to constitute a defence. The court over-

ruled the demurrer, and rendered judgment discharging the defendant.

The State brings the cause into this court by appeal on the question of law involved in the overruling of the demurrer to the plea.

Bicknell, in his Criminal Practice, page 296, in summing up well-established defences to charges of assault and battery, says:

"It is a good defence that the battery was merely the chastisement of a child by its parent; the correcting of an apprentice or scholar by the master; or the punishment of a criminal by the proper officer; provided the chastisement be moderate in the manner, the instrument, and the quantity of it, or that the criminal be punished in the manner appointed by law. Buller's N. P. 12." See, also, Pomeroy's Notes to 1 Archbold Criminal Law, 8th ed., p. 923, Wharton Criminal Law, sec. 1259.

The same rule applies, substantially, to keepers of almshouses and asylums for the poor, so far as necessary to preserve order and to enforce proper discipline in their establishments. *State* v. *Hull*, 34 Conn. 132; *Forde* v. *Skinner*, 4 Car & P. 494; *Regina* v. *Mercer*, 6 Jurist, 243.

The facts set up in the plea, we think, were sufficient as a defence to the indictment. The prosecuting attorney, by demurring to the plea instead of taking issue upon it, admitted the truth of the facts thus set up. We see no error in the ruling of the court on the demurrer.

The judgment is affirmed.